MAY TERM, 1881, No. 834.                    MAY 17TH, 1881.

## Schriver *versus* Eckenrode.

A judgment will not be reversed because of the admission of irrelevant testimony when the plaintiff in error had previously permitted his own witness to testify on the same subject to the same effect.

ERROR to the Court of Common Pleas of *Adams County.*

Action of assumpsit by George I. Schriver against Elijah Eckenrode.

Plaintiff and defendant, on the 7th of October, 1872, bargained for the farm of the defendant. The farm was advertised as 140 acres, more or less, and plaintiff had looked over it. In the course of the conversation defendant said it contained 144 acres, and he would " gallantee " it. The price was fixed at $4500, and a deed was subsequently executed and possession given. The consideration was paid to the assignee of the defendant, who held the title to the land. Upon a survey it was ascertained that the farm actually contained but 132 acres and 126 perches. Plaintiff then brought this action upon the guarantee.

On the trial one of the witnesses for the plaintiff in the direct examination said : " I think I have heard E. Eckenrode say on the first trial I'll gallantee it. He is in the habit of using that expression. He hasn't quit it yet. I have heard him use it one hundred times. When he gets in earnest he will say gallantee."

The defendant's counsel, in the course of the presentation of his case, offered to show by a witness that the defendant was in the habit of using frequently in ordinary conversation the word " gallantee."

The offer was admitted under objection, and an exception was taken.

The witness testified : " He's subject to using the word gallantee in common conversation."

The Court below, McCLEAN, P. J., in commenting upon this part of the testimony charged the jury *inter alia :*

" You are to determine the truth whether he meant it or not, and also whether he seeks to evade justice and truth by

relying upon the peculiar form of expression, gallantee. Can you determine from the testimony whether he did guarantee it or not, no matter what particular word may have been used or not."

November 17th, 1880, the jury gave a verdict for the defendant, on which judgment was entered November 26th, 1880.

Plaintiff then took this writ of error, assigning as error the admission of the testimony that the defendant was in the habit of very frequently using the word gallantee in ordinary conversation.

*R. J. McCreary* for plaintiff in error.

The testimony was irrelevant. The language used is unambiguous and must be taken in the ordinary and popular meaning. The effect of this testimony was to mislead the jury into the consideration of what had no proper relation to the case: Lennig *v.* Ralston, 11 Harris, 137. The habit of the defendant ought not to have been proved to affect the plaintiff without notice. The Court gave prominence to it in the charge.

*David Wills* for defendant in error.

After the plaintiff had proved this fact, and it was not contradicted, defendant's evidence was merely cumulative. It could do the plaintiff no harm, and probably the defendant no good, as it was an uncontroverted fact. The plaintiff had made it evidence and he could not complain of its irrelevancy. The Court will not reverse if the answer works no injury: Schoneman *v.* Fegley, 2 Harris, 376.

PER CURIAM : The only error assigned is that the Court erred in admitting the testimony of Joseph Eckenrode to prove that the defendant was in the habit of very frequently using the word " gallantee " in ordinary conversation. This was irrelevant matter. But how could the plaintiff object when he had permitted his own witness to testify on the same subject. It is no answer to say that it was volunteered by the witness. It was the duty of the plaintiff to have stopped him and asked the Court to strike it out. This he did not do. It is not assigned for error that the Court referred this irrelevant testimony to be taken into consideration by the jury. That may, perhaps, have been wrong, but we have not been called upon to consider it.

Judgment affirmed.